Dear Senator Brinkhaus:
You have requested the opinion of this office as to whether the St. Landry Parish School Board may use public funds to pay for the production and airing of video tapes of St. Landry Parish School Board meetings and other educational programs for children and parents.
The St. Landry Parish School Board is a political subdivision of the state subject to Louisiana open meeting and public record laws. R.S. 42:8(A) states:
 All or any part of the proceedings in a public meeting may be video or tape recorded, filmed, or broadcast live.
This statute grants authority for the videotaping of the meetings of the St. Landry Parish School Board and indicates that there is a valid public purpose in providing access to and awareness of the proceedings of the School Board. Given this valid purpose of keeping the public informed, the Board may enter into a contract for services with OWL Television and/or other outlets for the production and airing of their meetings and other events of a worthwhile and informative nature. As a contract for services, this may be negotiated in the best interest of the Board and need not be awarded by a public bid process.
The Board could also use the vehicle of a "cooperative endeavor" as envisioned by Louisiana Constitution Article VII, Section14(C) to accomplish the same objectives. That provision states:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
The cooperative endeavor must be one in which the public entity receives an actual service or benefit which falls within the scope of its mission. Surely the taxpayers and their children will benefit from such a cooperative endeavor. Many parents who wish to attend school board open meetings are unable to do so because of conflicts with work or the supervision of their children. Airing school board meetings will allow them to be informed of the business carried out at these meetings and thereby allow them to become parents more involved in and concerned with their child's education and will make them better informed citizens at election time.
The funds to carry out such a contract or cooperative endeavor must be provided in the School Board's budget.
Another issue raised is the production of programming directed to the school children. It was not clear in your opinion request if these programs would be used in the schools during instructional time or whether they would be telecast at times when the students are in a home environment. Please note that if classroom use is intended for the student programs, Louisiana Constitution Art. VII, Section 3, R.S. 17:7(4)(5), and 17:352
will apply. BESE has the authority to screen and approve the use of audio-visual materials used for instruction in public schools.
The airing of School Board meetings may raise yet another issue: the prohibition of using public funds for any advertisement that contains the name of any public official, whether appointed or elected. R.S. 43:111.1 states:
 No public funds shall be used in whole or in part for the payment of the cost of any advertisement containing therein the name of any public official whether elected or appointed; provided, however, that the provisions of this section shall in no case be construed to apply to advertisements or notices required or authorized by law to be published or to any advertisements placed by any public agency or body authorized by law to advertise in the furtherance of its functions and duties.
In Opinion No. 76-839 we stated that payment for television time for a mayor to discuss city business does not appear to be in violation of R.S. 43:111.1 Likewise, it is our opinion that use of public funds to produce and telecast the meetings of the school board would not be in violation of R.S. 43:111.1. School board meetings are not the type of presentation that this statute was intended to prohibit. The meetings are for the purpose of carrying out the school board's official business. If nothing in the way of the prohibited advertising is added to the tape to be telecast, using public funds for taping and airing the School Board's meetings would not be prohibited by the Louisiana Constitution or statutes.
I trust that this answers your inquiry. If we can be of any further assistance, please let us know.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:604l